```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  08-80259-CIV-MIDDLEBROOKS
                              MAGISTRATE P. A. WHITE

DONALD ALAN EDWARDS,          :

       Plaintiff,             :

v.                            :       REPORT OF
                                      MAGISTRATE JUDGE
BARRY KIRSCHER,STATE ATTORNEY,
et al.,                       :

       Defendants.            :
_____
```

The pro-se plaintiff, Donald Alan Edwards, filed a civil rights complaint pursuant to 42 U.S.C. §1983,(De#1) The plaintiff alleges that Barry E. Krischer, the State Attorney for Palm Beach County, violated his constitutional rights by refusing to file a demand for a speedy trial. The plaintiff seeks monetary damages. The plaintiff is proceeding <u>in forma pauperis</u>. [DE# 2].

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

II.  <u>Analysis</u>

A.  <u>Applicable Law for Screening</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>      Sec. 1915 Proceedings in Forma Pauperis
>
>                    *  *  *
>
>      (e)(2) Notwithstanding any filing fee, or

>     any portion thereof, that may have been paid,
>     the court shall dismiss the case at any time
>     if the court determines that –
>
>              *     *     *
>
>     (B) the action or appeal –
>
>              *     *     *
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which
>     relief may be granted; or
>
>     (iii) seeks monetary relief from a
>     defendant who is immune from such
>     relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985).  Pro se complaints

are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Eleventh Circuit recently confirmed that there is a heightened pleading standard in §1983 actions against entities that can raise qualified immunity as a defense. Swann v. Southern Health Partners, Inc., 388 F.3d 834, 837 (11 Cir. 2004). While Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a §1983 plaintiff allege with some specificity the facts which make out its claim. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11 Cir. 1998); Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11 Cir. 1992), cert. denied sub nom. Deutcsh v. Oladeinde, 507 U.S. 987 (1993). Nevertheless, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11 Cir. 1985).

   B.   Factual Allegations

The plaintiff, confined in the Palm Beach County Detention Facility, apparently has more than one case with pending charges filed against him. He alleges that he informed his Public Defender, Daniel Vogel, that he wanted a speedy trial. There appears to have been a conflict of interest and a new attorney, John Milton, was appointed. He states that both attorneys have denied his requests for a speedy trial. He further mentions that Attorney Chandler was assigned to one of his cases, whom he states filed a motion for a

continuance. He states that Chandler was medically discharged and he was appointed a public defender, Ms Brush, who he claims is unprepared.

### C. Analysis of Sufficiency of Complaint

Defendant Barry Krishcher, the State Attorney for Palm Beach County is immune from a §1983 suit for damages as long as he acted within the scope of his official duties, he is immune. Imbler v Pachtman, 424 U.S. 409 (1976). Further the claims against Krishcher are not specifically included in the body of the complaint.

The attorneys assigned to represent him are not named as defendants, but would be immune from a §1983 suit for damages as public defenders do not generally act under "color of state law". Polk County v Dodson, 454 U.S. 312 (1981).

Secondly, Because the plaintiff is a pretrial detainee and his state criminal proceedings are still in progress, this Court is prohibited from interfering therein. See Younger v. Harris, 401 U.S. 37 (1971). Under Younger and its progeny, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances. See Arkebauer v. Kiley, 985 F.2d 1351, 1357 (7 Cir. 1993). Resolving the plaintiff's Section 1983 claims would significantly interfere with pending state criminal proceedings, and the plaintiff has not alleged that any extraordinary circumstances exist for interfering with his state case.

4

Furthermore, claims which challenge the constitutionality of the plaintiff's current detention are not cognizable in a civil rights case; a habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement, including pre-trial confinement. <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 488-490 (1973).

Moreover, if a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994). <u>Heck</u> applies to suits filed by pretrial detainees. <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 700-01 (9 Cir. 1996); <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102-03 (5 Cir. 1996).

### III.  <u>Conclusion</u>

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 14^(TH) day of March, 2008.

                                                UNITED STATES MAGISTRATE JUDGE

cc: Donald Alan Edwards, <u>Pro Se</u>
    #0115867
    Palm Beach County Detention Facility
    Address of record